UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE LUXEMBURG,<br>Plaintiff,<br>v.<br>BANKERS HEALTHCARE GROUP LLC, *et al.*,<br>Defendants. | Case No. 2:26-cv-0414-DC-JDP (PS)<br><br>ORDER |

Plaintiff James Lee Luxemburg brings this action against defendants Bankers Healthcare Group LLC and Bankers Healthcare Group Grantor Trust 2021-B. Defendants move to transfer this action to the United States District Court for the Southern District of Florida. For the reasons stated below, defendants' motion is granted.

**Background**

In 2021, plaintiff entered into a loan agreement with defendants. ECF No. 1 ¶ 8. Plaintiff alleges that he received "net loan proceeds of approximately $69,955." *Id.* ¶ 9 (emphasis omitted). However, plaintiff pleads that defendants represented the amount financed as $79,470, including fees for documentation, limited personal guaranty, reimbursable servicing, and the wire. *Id.* ¶¶ 10-11. Plaintiff alleges that these fees were not properly disclosed, and he further pleads that "Defendants later characterized the transaction as a 'business loan' despite" plaintiff using

the funds for personal purposes. *Id.* ¶ 13. Plaintiff pleads that he has disputed the loan's classifications and disclosures, but that defendants have "failed to provide[] a substantive response and later denied rescission through counsel." *Id.* ¶¶ 16-17.

**Legal Standard**

28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In determining whether transfer is proper under section 1404(a), courts typically consider "the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

Where there is a valid forum-selection clause, "the plaintiff's choice of forum merits no weight." *Id.* On the contrary, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Further, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. Instead, a court "may consider arguments about public-interest factors only." *Id.* However, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* In sum, the Supreme Court has held that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59-60 (quoting *Stewart Org., Inc.*, 487 U.S. at 33 (Kennedy, J., concurring)).

"Federal law governs the validity of a forum selection clause." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). "Forum-selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching.'"

*Manetti-Farrow*, 858 F.2d at 514 (quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15 (1972)). The Court of Appeals has held that "[e]ven though *Bremen* created a presumption in favor of enforcing forum selection clauses, *Bremen* recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (cleaned up).[1]

In evaluating a motion to transfer venue based upon a forum-selection clause, the court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138. "The non-moving party's pleadings need not be accepted as true, however, and [the court] may consider facts outside the pleadings." *Petersen v. Boeing Co*., 715 F.3d 276, 279 (9th Cir. 2013) (citing *Murphy*, 362 F.3d at 1137).

**Discussion**

The parties' loan agreement provides that "[v]enue for any action brought [under the agreement] shall be the choice of the Creditor [plaintiff], and shall be limited to either Onondaga County, New York or Broward County, Florida[.]"[2] ECF No. 1 at 11. Plaintiff initialed the agreement to indicate that he "read and underst[ood] the applicable law, jurisdiction, venue and waivers." *See id*. Further, he signed the loan agreement on August 4, 2021. *See id*.

[1] In *Murphy*, the Court of Appeals addressed a Rule 12(b)(3) motion to dismiss for improper venue based on a forum-selection clause. *Murphy*, 362 F.3d at 1138. The Court of Appeals has not revisited *Murphy* since *Atlantic Marine*, in which the Supreme Court held that that forum-selection clauses should be enforced under § 1404, not Rule 12(b)(3). *See Atl. Marine.*, 571 U.S. at 59. Nonetheless, since *Atlantic Marine*, courts in this Circuit have continued to apply *Murphy* to motions brought under § 1404(a). *See, e.g.*, *Jacobi v. Acrisure, LLC*, No. 8:26-cv-1611-JWH-SSC, __ F. Supp. 3d __, 2026 WL 2491209, at *4 (C.D. Cal. Aug. 25, 2026); *Wert v. Ameritas Life Ins. Corp.*, No. 2:25-cv-02102-DAD-CSK, 2026 WL 880011, at *2 (E.D. Cal. Mar. 31, 2026); *TigerGraph, Inc. v. Peak*, No. 20-cv-5489-PJH, 2020 WL 6161510, at *6 (N.D. Cal. Oct. 21, 2020).

[2] Broward County is in the Southern District of Florida.

Plaintiff argues that "[w]here the formation and characterization of the underlying transaction are disputed, enforcement of a forum-selection clause at the pleading stage is premature." ECF No. 10 at 5. But plaintiff provides no authority or explanation for this unfounded assertion. Moreover, plaintiff alleges in the complaint that he "entered into a loan transaction" with defendants. ECF No. 1 ¶ 8. The complaint does not allege that plaintiff unknowingly entered an agreement with defendants. Rather, plaintiff pleads that fees were not properly disclosed and that defendants have mischaracterized the loan as commercial. *See id.* ¶¶ 12-13. As defendants argue, these claims appear to arise from the loan agreement and the accompanying documents executed with it. *See* ECF No. 5 at 16.

To be sure, plaintiff does not assert that the forum-selection clause was "the product of fraud or overreaching," that transferring this action would deprive him of his day in court, or that "enforcement would contravene a strong public policy of the forum in which suit is brought." *See Murphy*, 362 F.3d at 1140. As noted, plaintiff initialed the agreement to indicate that he had read and understood the forum-selection clause before signing the agreement. *See* ECF No. 1 at 11. For all of these reasons, the court finds that the forum-selection clause is valid and enforceable. *See Manetti-Farrow*, 858 F.2d at 513.

Plaintiff fails to carry his "burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Alt. Marine*, 571 U.S. at 63. As noted, the court "may consider arguments about public-interest factors only." *See id.* Plaintiff argues that "strong public policy considerations further weigh against premature transfer," but he does not expand on this assertion to identify any public policy considerations. *See* ECF No. 10 at 6. Moreover, defendants argue that "public policy favors transfer, as Florida law governs the dispute and Florida has a strong interest in enforcing Florida contracts and Florida law in matters governing its resident corporations." ECF No. 5 at 16. Plaintiff does not contest this argument.

Plaintiff falls far short of showing that this action is "exceptional" such that the forum-selection clause should not be given "controlling weight." *See Alt. Marine*, 571 U.S. at 59-60 (holding that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases'"). Consequently, the forum-selection

clause warrants transferring this action. Plaintiff is instructed to direct future filings or inquiries related to this case to the United States District Court for the Southern District of Florida. Further documents filed in the Eastern District of California related to this case will be disregarded.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to transfer venue, ECF No. 5, is GRANTED.
2. This action is transferred to the United States District Court for the Southern District of Florida.
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE